UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 3:18-CR-165-CWR-FKB

JESSIE BULLOCK

### RESPONSE OF UNITED STATES TO MOTION TO DISMISS

COMES NOW the United States of America, by and through the Office of the United States Attorney, and respectfully requests that this Honorable Court enter an order denying the Defendant's Motion to Dismiss the Indictment, Doc. No. 61, which is based on an argument that Title 18, United States Code, Section 922(g)(1) is unconstitutional in the wake of the United States Supreme Court's decision in *Bruen*. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). As discussed below, (1) consistent with Supreme Court case law, the Fifth Circuit has long recognized the constitutionality of prohibiting possession of firearms based on the risk that persons pose to others and (2) nothing in *Bruen* alters the constitutionality of prohibiting firearms possession on this basis.

### DISCUSSION

**I. Consistent with Supreme Court Case Law, the Fifth Circuit Has Long Recognized the Constitutionality of Prohibiting Firearms Possession Based on Risk**

In rejecting a challenge to another provision of 18 U.S.C. § 922(g) earlier this year, the Fifth Circuit referred to its having "rejected a virtually identical challenge two decades ago in Judge Garwood's landmark decision in *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001)." *United States v. McGinnis*, 956 F.3d 747, 751 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 1397

(2021). Following *Emerson*, the Supreme Court concluded that the Second Amendment addressed an "individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). The Supreme Court "cautioned that the individual Second Amendment right is subject to important limitations including, for instance, 'longstanding prohibitions on the possession of firearms by felons and the mentally ill.'" *McGinnis*, 956 F.3d at 753 (quoting *Heller*, 554 U.S. at 626). The Court in *McGinnis* also referred to a later decision in which the Fifth Circuit "explicitly held that a constitutional challenge to § 922(g)(1)—the federal statute barring convicted felons from possessing firearms—was foreclosed by our pre-*Heller* but post-*Emerson* precedent, which *Heller* "'provide[d] no basis for reconsidering.'" *McGinnis*, 956 F.3d at 755 (quoting *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009)). Both the Supreme Court and the Fifth Circuit have remained steadfast in upholding 18 U.S.C. §922(g).

## II. Nothing in *Bruen* Alters the Constitutionality of Prohibiting Firearms Possession as Prescribed in 18 U.S.C. § 922(g)(1)

The Defendant relies on *Bruen* to challenge the constitutionality of 18 U.S.C. §922(g)(1). *Bruen* focused on the constitutionality of a discretionary gun permit authorized by New York law. *Bruen*, 142 S. Ct. at 2123 & n. 1 (distinguishing New York law from state laws authorizing public carry licenses "without granting licensing officials discretion to deny licenses") (citing, *inter alia*, MISS. CODE ANN. § 45-9-101 (2022)). The Defendant is charged pursuant to a statute that does not involve the exercise of discretion in determining whether to grant firearms permits but is designed to apply to a category of prohibited persons, as permitted by longstanding law. *See* 18 U.S.C. §922(g)(1).

As the Supreme Court reiterated in *Bruen*, the Second Amendment addresses "'the right of **law-abiding, responsible citizens** to use arms' for self-defense." *Bruen*, 142 S. Ct. at n.9 (quoting *Heller*, 554 U.S. at 635) (emphasis added). A person who has been convicted in any court of a

crime punishable by imprisonment for a term exceeding one year as referred to in Section 922(g)(1) is, by definition, not law abiding. In short, *Bruen*'s focus on discretionary licensure for firearms says nothing about the statute at issue in this case.

Justice Alito made clear in his concurring opinion that the *Bruen* decision has not "disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742 (2010), about restrictions that may be imposed on the possession or carrying of guns."[1] *Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring). For further clarity, Justice Kavanaugh, in his concurrence, emphasized that nothing in the opinion should be read to address the possession of firearms by felons and other categories of persons who pose a risk to others. *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring). The statute at issue in this case is entirely unaffected by *Bruen* and the Defendant's Motion is at best, wholly without merit, and, at worst, frivolous.

The same was recently considered by District Court Judge Louis Guirola, Jr. in considering a similar motion challenging the constitutionality of 18 U.S.C. §922(g)(3) in light of *Bruen*.[2] In rendering his opinion, Judge Guirola found that 18 U.S.C. § 922(g)(3) passes constitutional muster under the legal framework articulated in *Heller* and *Bruen*.

Unlike the New York discretionary gun licensure provision at issue in *Bruen*, the federal law that Defendant is charged with violating is part of the historical tradition of regulating firearms possession "to prevent guns from falling into the wrong hands." *Abramski v. United States*, 573 U.S. 169, 172, (2014).  As the Supreme Court has recognized, "[u]nder § 922(g), certain classes

---

[1] The *McDonald v. City of Chicago, Illinois* decision dealt with the constitutionality of municipal handgun bans. 561 U.S. 742, 750-51 (2010). While the Court reversed and remanded the Seventh Circuit Court of Appeals' decision upholding the bans after an analysis based in he Second and Fourteenth Amendments, it also explicitly stated the holding "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill,' 'laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications of commercial sale of arms.'" *Id.* at 786 (quoting *Heller*, 554 U.S. at 626-27).

[2] United States v. Patrick Darnell Daniels, Jr., Cause No.: 1:22-cr-58-LG-RHWR-1; Doc. No. 29, *Memorandum Opinion and Order Denying Defendant's Motion to Dismiss.*

of people—felons, drug addicts, and the mentally ill, to list a few—may not purchase or possess any firearm." *Id.* *Bruen* has no impact on this well-defined, limited provision that is entirely consistent with the Second Amendment.

## CONCLUSION

For these reasons, the Court should deny the motion to dismiss.

        Respectfully submitted,

        DARREN J. LaMARCA
        *United States Attorney*

By:   /s/ *Jessica S. Terrill*
       Jessica S. Terrill
       *Assistant U.S. Attorney*
       MB No. 105510
       jessica.terrill@usdoj.gov
       501 East Court Street, Suite 4.430
       Jackson, MS 39201
       (601) 973-2850

## CERTIFICATE OF SERVICE

I, Jessica S. Terrill, Assistant United States Attorney, hereby certify that on this day, I caused to be electronically filed the foregoing document with the Clerk of the Court, which provides notice to all counsel of record.

So certified, this the 8th day of September 2022.

      /s/ *Jessica S. Terrill*
      Jessica S. Terrill
      Assistant U.S. Attorney