

_____

No. 3:18-CR-165-CWR-FKB

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

JESSIE BULLOCK
A/K/A BOOMAN BULLOCK,

*Defendant.*

_____

ORDER

_____

Before CARLTON W. REEVES, *District Judge*.

The government has moved for a status conference. Docket Nos. 66 and 72. It is worried that the speedy trial clock is running. Docket No. 72 at 1.

On February 9, 2023, Court staff emailed all counsel of record to seek clarification of their respective positions. Counsel for Mr. Bullock responded, simply, "Speedy trial clock is tolled while a motion is under advisement." Counsel for the

government responded by reiterating her concern that the speedy trial clock may be running pursuant to 18 U.S.C. § 3161(h)(1)(H).

As the parties know, Mr. Bullock's motion to dismiss has been pending since August 29, 2022. Docket No. 61. Mr. Bullock believes that the existence of this motion means the speedy trial clock has been and remains tolled. This position finds support in 18 U.S.C. § 3161(h)(1)(D), which excludes for speedy trial purposes those periods of delay "resulting from any pretrial motion." *See also United States v. Tinklenberg*, 563 U.S. 647 (2011) (interpreting this exclusion).

Pursuant to this sub-section, and in light of defense counsel's representation, the Court believes that the speedy trial clock is presently tolled. *Accord* Donald F. Samuel, Federal Criminal Trials § 12-1[c][5][v] (2022). Out of an abundance of caution, however, the Court also finds that the historical analysis required by Mr. Bullock's motion to dismiss presents such "novel legal issues," *id.* (citing 18 U.S.C. § 3161(h)(7)(B)), that "the ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A).

For these reasons the motions are denied.

**SO ORDERED**, this the 17th day of February, 2023.

s/ CARLTON W. REEVES<br>*United States District Judge*