UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.   No. 3:18cr165CWR-FKB

JESSIE BULLOCK
 a/k/a Booman Bullock

**RESPONSE TO INQUIRY ABOUT USE OF HISTORIANS IN ADDRESSING CONSTITUTIONALITY OF 18 U.S.C. § 922(g)(1)**

In follow up to the Government's supplemental submission regarding the unanimous opinion expressed in 128 district court cases upholding 18 U.S.C. § 922(g)(1) as constitutional under the Second Amendment [ECF # 74], the Court inquired (1) in how many cases "did the court appoint a historian to serve as a consulting expert" and (2) whether "professional historians submit[ted] amicus briefs"? ECF # 76 at 1-2.  The undersigned has contacted knowledgeable Assistant United States Attorneys at each of the U.S. Attorney's Offices involved in the cases cited in the Government's submission [ECF # 74 at 2-4 n.1] and the answer is that in none of the cases has a court retained the services of a historian, nor has a historian weighed in as an amicus.  So, the answer to both of the Court's questions is "no."

The closest the undersigned found was a request by a Middle District of Pennsylvania district judge who asked the parties to submit expert reports on the relevant

history of the firearms regulation at issue, *see United States v. Blackburn*, No. 1:22cr209 (M.D. Pa. Nov. 8, 2022), ECF # 27, but later that month the court vacated the order in view of the Third Circuit's having upheld the constitutionality of 18 U.S.C § 922(g)(1) in *Range v. Att'y Gen. United States*, 53 F.4th 262, 274 n.14 (3d Cir. 2022), without having appointed a historian and without amicus briefs from professional historians.[1] *Blackburn*, ECF # 28 (11/17/22 Order). The district court in *Blackburn* also cited another Middle District of Pennsylvania opinion that the undersigned confirmed, among the other cited rulings, was reached without consulting a historian. *Id.* at 2 (citing *United States v. Minter*, 2002 WL 10662252 at **6-7 (M.D. Pa. Oct. 18, 2022)).

In another development, the Fifth Circuit issued an unpublished opinion yesterday addressing the constitutionality of 18 U.S.C. § 922(g)(1), albeit on plain error review. *See United States v. Roy*, No. 22-10677 (5th Cir. April 25, 2023) (per curiam). Because the appellant did not raise the issue in the district court, the Court considered whether the trial court committed plain error and concluded that "there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional" and "it is not clear that *Bruen* dictates such a result." *Id*. at 2.

Given the unanimous conclusion of district judges upholding the constitutionality of 18 U.S.C. § 922(g)(1) without the need to resort to historical expertise and the Fifth Circuit panel's view that *Bruen* does not clearly mandate a contrary conclusion, the

---

[1] The Third Circuit has since vacated the panel decision and granted rehearing en banc. *Range*, 56 F.4th 992 (3d Cir. 2023). The en banc Court heard oral argument on February 15, 2023, and the case is under advisement. The en banc Court similarly has not appointed a historian and has not received any amicus briefs from professional historians.

Government submits that this Court should join the judges in the 128 rulings cited in the Government's supplemental submission and deny Bullock's motion to dismiss the indictment in this case.

                Respectfully submitted,

                DARREN J. LAMARCA
                *United States Attorney*

            By: /s/ *Gaines H. Cleveland*

| | |
|---|---|
| JESSICA S. TERRILL<br>*Assistant U.S. Attorney*<br>Mississippi Bar No. 105510<br>jessica.terrill@usdoj.gov<br>501 East Court St. Suite 4.430<br>Jackson, MS  39201<br>(601) 973-2850 | GAINES H. CLEVELAND<br>*Assistant U.S. Attorney*<br>Mississippi Bar No. 6300<br>gaines.cleveland@usdoj.gov<br>1575 Twentieth Avenue<br>Gulfport, MS  39501<br>(228) 563-1560 |

Dated: April 26, 2023

3