### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

          *Plaintiff,*

v.

**JESSIE BULLOCK,**

          *Defendant.*

CAUSE NO. 3:18-CR-165-CWR-ASH

### ORDER

Before the Court is Jessie Bullock's second motion to dismiss the indictment. Docket No. 96. The United States alleges that Mr. Bullock violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by knowingly possessing a firearm as a convicted felon. Docket No. 5. Mr. Bullock's prior convictions were for aggravated assault and manslaughter. Docket No. 20 at 3. In the present motion, Mr. Bullock identifies several bases that he asserts require the dismissal of the indictment in this case. The Government has responded, and Mr. Bullock has replied. Docket Nos. 99 and 100. For the reasons that follow, the motion is denied.

In his initial motion to dismiss the indictment, Mr. Bullock argued that under the Second Amendment, § 922(g)(1) was unconstitutional as applied to him. Docket No. 61. The Court granted Mr. Bullock's motion to dismiss in a written Order, determining that the Government had not met its burden of proof. That burden was to demonstrate a historical tradition supporting the lifetime criminalization of Mr. Bullock's possession of a firearm. Docket No. 79. The Fifth Circuit reversed that Order and remanded for further proceedings. *United States v. Bullock*, 123 F.4th 183 (5th Cir. 2024), *cert. denied*, No. 25-5208, 2025 WL 2824426 (U.S. Oct. 6, 2025).

1

In his second motion to dismiss, Mr. Bullock begins by arguing that § 922(g)(1) violates the Fifth Amendment's equal protection guarantee because it burdens his fundamental right to bear arms and cannot survive strict scrutiny. This argument mirrors the argument presented to the Court in *United States v. Doster*, No. 3:24-CR-82, 2024 WL 5204592 (S.D. Miss. Dec. 23, 2024). As was the case in *Doster*, Mr. Bullock's underlying felony convictions are premised on violent conduct. For the reasons the Court explained in *Doster*, Mr. Bullock's equal protection challenge fails. *See* 2024 WL 5204592, at *3.

Mr. Bullock further asserts that § 922(g)(1) violates his right to due process. His argument; however, relies solely on Justice Thomas's dissent in *Rahimi*. Docket No. 96 at 4 (citing *United Sates v. Rahimi*, 602 U.S. 680, 748 (Thomas, J., dissenting)). This argument lacks sufficient support. *See, e.g.*, *United States v. Landrum*, No. 3:24-CR-63, 2024 WL 4806486, at *2 (S.D. Miss. Nov. 15, 2024) (denying a similar challenge and noting that the dissent in *Rahimi* "is too thin to declare § 922(g)(1) unconstitutional"). This challenge also fails.

Mr. Bullock then brings facial challenges to § 922(g)(1), claiming that it is unconstitutionally overbroad and vague. Courts in this district have rejected each challenge. With respect to the former, the reasoning in *United States v. Love* applies here to foreclose Mr. Bullock's argument. No. 1:24-CR-84, 2025 WL 2466980, at *3 (S.D. Miss. Aug. 26, 2025). With respect to the latter, the reasoning in *Love* again applies to foreclose Mr. Bullock's argument. *Id.* at *3-4. *See also Landrum*, 2024 WL 4806486, at *2.

Finally, Mr. Bullock argues that § 922(g)(1) violates the Commerce Clause. He acknowledges that this argument is foreclosed under Fifth Circuit precedent and raises it only to preserve it for further review. *See United States v. Hemphill*, No. 23-50675, 2024 WL

5184299, at *10 (5th Cir. Dec. 20. 2024); *Diaz*, 116 F.4th at 462; *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

The Court has considered all arguments. Those not addressed would not have changed the outcome. Mr. Bullock's second motion to dismiss the indictment is denied. The parties shall appear for pretrial conference in this matter on December 19, 2025.

**SO ORDERED**, this the 4th day of November 2025.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
